THOMAS R. BURNS - 152493
ATTORNEY AT LAW
1390 Market St., Suite 200
San Francisco, CA 94102
Ph: 415 543-9900
Fax: 415 543-9449
email: tom@tburnslaw.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>Daniel Kifor,<br>            Debtor.<br><br>Laura K. Emard,<br><br>Plaintiff<br><br>vs.<br><br>Daniel Kifor,<br><br>Defendant. | Case No. 18-03001<br>Related Case, Ch. 13 #17-30968<br><br>MOTION TO DISMISS COMPLAINT FOR<br>FAILURE TO STATE A CLAIM UPON<br>WHICH RELIEF MAY BE GRANTED;<br>[FRCP 12(b)(6), 8(a) and 9(b)]<br><br><br>Date: March 9, 2018<br>Time: 10:00 am<br>Location: U.S. Bankruptcy Court<br>         450 Golden Gate Ave.,<br>         16th Flr., Crtrm. 17<br>         San Francisco, CA |

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012(b)(6) for failure to state a claim upon which relief may be granted Defendant/Debtor Daniel Kifor ("Kifor") hereby moves the court to dismiss the First (and only) "Cause of Action For Fraud – 11 U.S.C § 523(a)(2)" as stated in Plaintiff Laura K. Emard's ("Emard") Complaint For Determination of Nondischargeability of Debt ("Complaint"). Further, because the complaint contains an allegation of "fraud", a heightened pleading standard of Federal Rule of Civil

Procedure 9(b) (made applicable pursuant to Bankruptcy Procedure 7009) applies. Emard has failed to plead the elements of fraud with particularity in order meet the Rule 9(b) standard.

This motion is based on the notice of motion filed herein and the attached memorandum of point and authorities, on all judicially noticeable documents, on all pleadings and papers on file in this action, and on other such matters and arguments as may be presented to this Court in connection with this Motion.

## ARGUMENT – MEMORANDUM OF POINTS AND AUTHORITIES

Rule 8 of the Federal Rules of civil Procedure, as made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under the "short and plain statement" requirement, the complaint must provide a defendant "fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint herein states only conclusory statements, bare facts and does not properly plead requirements under §523(a)(2).

In evaluating a motion to dismiss under Rule 12(b)(6) for failure to state a claim, this court treats well pleaded facts in the complaint as true. The Court does not, however, accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Daniels-Hall v. National Education Association, 629 f.3d 992, 998 (9th Cir. 2010).

Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). A complaint that relies upon "labels and conclusions, and a formulaic recitation of the elements of a cause of action" does not suffice to state a cause of action. Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 555 (2007). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." It does not require a claimant to set out in detail the facts upon which the claim is based, but a short and plain statement of the claim is sufficient so long as it gives defendant fair notice of what the claim is and grounds upon it rests.

The general allegations in the complaint contain statements concerning Kifor's business and his relationship with Emard. There is nothing in the general allegations that if accepted as true show any wrongdoing. The cause of action simply states that "[a]t the time Defendant made the representations set forth above, he either knew them to be false or was reckless as to their truth or falsity." This statement is conclusory. The complaint does not state what the representations were and what about the statements were false or reckless. This statement does not notify Kifor what the claim is and what its grounds are. It is impossible to draw a reasonable inference that the Kifor is liable for the misconduct alleged. Any alleged misconduct is vague.

Furthermore, 11 U.S.C. §523(a)(2) specifies three components under which a complaint may be brought. 523(a)(2) Subsection (A) states that excepted from discharge "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by-" "(A) False pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Subsection (B) relates to the "use of a statement in writing- . . ." and Subsection (C) applies to "consumer debts. . ." Kifor is unable to determine

which if any of the subsections the complaint alleges since none of the subsections A, B or C are specified.

Since the complaint alleges under the Cause of Action "for fraud" – 11 U.S.C. Section 523(a)(2) (page 3, line 3 of the complaint), then the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies and the elements of fraud must be pled "with particularity." Claims based on fraud pose a "high risk of abusive litigation", thus a party making such allegations "must state with particularity the circumstances constituting fraud or mistake." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 569 n. 14 (2007). This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent.

In the complaint the elements of fraud have not been pled. The general allegations contain statements that are conclusory, brief and are not particular. The specific statements alleging fraud are not stated and there is no explanation as to what made the statements fraudulent or when they were made.

## CONCLUSION

Based on the foregoing, this Court should dismiss the Complaint.

Dated: February 2, 2017 /S/Thomas R. Burns
Thomas R. Burns,
Attorney for Defendant/Debtor Daniel Kifor

## CERTIFICATE OF SERVICE

**I DECLARE THAT:** I am employed in the City and County of San Francisco, California. I am over the age of eighteen years of age, and not a party to the within cause; my business address is 1390 Market St., #200, San Francisco, California. On February 2, 2018 I served the following:

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; [FRCP 12(b)(6), 8(a) and 9(b)]

on the parties in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail in San Francisco, California addressed as follows:

Stephen D. Finestone
Finestone Hayes, LLP
456 Montgomery St., 20th Flr.
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 2nd day of February 2018 at San Francisco, California.

/S/Thomas R. Burns
Thomas R. Burns